# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3617

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Deandre Terrell Miller, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 25, 2010
Filed: June 30, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

After a bench trial, the District Court[1] found Deandre Miller guilty of a drug offense and imposed sentence. Miller appealed, and counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In the Anders brief, counsel argues that the District Court erred in denying Miller's motion to suppress evidence obtained after an alleged body-cavity search that was conducted without a warrant. In a pro se supplemental brief, Miller argues that the District Court erred in failing to

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), and in denying his motion to substitute counsel.

We reject these arguments. First, at the suppression hearing, the District Court credited the police officers' testimony that no body-cavity search occurred, see United States v. Wright, 512 F.3d 466, 472 (8th Cir. 2008) (noting that witness credibility is within the province of the trial court), and no warrant was required for the search for contraband conducted incident to Miller's arrest, see United States v. Davis, 457 F.3d 817, 823 (8th Cir. 2006), cert. denied, 549 U.S. 1258 (2007). Thus, the motion to suppress was properly denied. Second, no Franks hearing was required because the search was not executed pursuant to a warrant supported by an allegedly false affidavit. Cf. Franks, 438 U.S. at 171–72. Third, the District Court acted within its discretion in denying Miller's motion to substitute counsel: the court held a hearing and acknowledged Miller's complaints but found that counsel had performed adequately, that there was no conflict of interest or breakdown of communication, and that substitution would cause delay. See United States v. Webster, 84 F.3d 1056, 1062 & n.2 (8th Cir. 1996).

Finally, after reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw, and we affirm the District Court.

_____